NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1986
_____

SYLVIA RODRIGUEZ,
                                        Appellant

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-12–cv–04810)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to L.A.R. 34.1(a)
January 12, 2015

Before:  McKEE, *Chief Judge*, HARDIMAN and SCIRICA, *Circuit Judges*

(Opinion Filed: April 14, 2015)
_____

OPINION∗
_____

McKEE, *Chief Judge*.

Sylvia Rodriguez appeals from the district court's grant of summary judgment in

favor of Reliance Standard Life Insurance Company on her claim that Reliance arbitrarily

_____

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and capriciously determined that she was ineligible to continue to receive disability benefits. Rodriguez argues that Reliance incorrectly determined that she was diagnosed with a mental or nervous disorder and that she did not meet the Plan's definition of "totally disabled." Rodriguez also contends that she was denied procedural due process because Reliance failed to inform her of the evidence required to perfect her appeal. We will affirm.[1]

## I.

The facts of this case are explained in detail in Judge Cavanaugh's Opinion and need not be repeated here. *Rodriguez v. Reliance Standard Life Ins. Co.*, No. 2:12–cv–04810, 2014 WL 347884, at \*1–2 (D.N.J. Jan. 31, 2014).[2]

In a thorough and well-reasoned Opinion, the district court properly noted that a denial of benefits claim brought under ERISA is evaluated by the district court under an "arbitrary and capricious standard" when, as here, "the plan grants the administrator discretionary authority." *Id.* at \*2 (internal quotation marks omitted). Reliance's Plan provided that "'monthly benefits for total disability caused by or contributed to by Mental or Nervous disorders will not be payable beyond an aggregate lifetime maximum duration of twenty-four (24) months.'" *Id.* at \*4 (quoting AR0287). The court evaluated the opinions of numerous doctors, their notes, and the medications they prescribed for anxiety, and it appropriately determined that the evidence was sufficient for Reliance to

---

[1] This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Judge Cavanaugh left the bench shortly after issuing the Order and the case was reassigned to Judge Wigenton. Judge Wigenton also conducted a thorough analysis of the case and ultimately denied Rodriguez's motion for reconsideration. For purposes of this opinion, when we refer to the "district court's Opinion" we mean Judge Cavanaugh.

2

conclude that Rodriguez's condition was either caused by, or contributed to, a mental or nervous disorder.[3]

The district court also carefully and completely explained its reasons for determining that Reliance's termination of benefits was appropriate because Rodriguez no longer meets the Plan's definition of "totally disabled." Under Reliance's Plan, after twenty-four months of receiving benefits, the definition of "total disability" changes. After twenty-four months, the benefits recipient must prove that she "cannot perform the material duties of any occupation." App. 43. The district court found "the reports of the five independent physicians to be sufficient evidence to support [Reliance's] conclusion that [Rodriguez] was no longer Totally Disabled and its consequent decision to deny [Rodriguez] coverage beyond the initial 24 month period."[4] *Rodriguez*, 2014 WL 347884, at \*4. Accordingly, we will affirm substantially for the reasons set forth in the aforementioned Opinion of the district court.

Finally, the district court accurately determined that Rodriguez's procedural due process rights were not violated. As noted by the district court, the denial "letter

---

[3] Consistent with the district court, we note that there was no formal diagnosis of depression or anxiety. Rather, there were prescriptions for anxiety medication and doctor's notes describing the patient as "appear[ing] depressed during the examination and crying at times." App. 322. In this case, such a diagnosis may be implied or inferred by treatment and prescription because of the numerous repeated references to these conditions by multiple healthcare providers. However, though it was reasonable for Reliance to conclude that a mental disorder caused or contributed to Rodriguez's condition, we caution that it will be a rare case where a medical condition is evident absent an actual diagnosis by a medical professional.

[4] Judge Wigenton similarly found that Rodriguez's benefits were not extended, "in part, because the standard of approval became stricter and [Rodriguez] no longer qualified for benefits." *Rodriguez v. Reliance Standard Life Ins. Co.*, No. 2:12–cv–04810, 2014 WL 1494523, at \*3 (D.N.J. Apr. 16, 2014).

identified the policy provisions that were relied on. . . . summarized the bases for the claim . . . noted the lack of abnormal findings that would support [Rodriguez's] claim of continuing disability. . . . [and] advised [Rodriguez] of her right to appeal the decision." *Rodriguez*, 2014 WL 347884, at *6. The letter clearly explained what "information [was] necessary for [Rodriguez] to perfect [her] claim" and did not deny Rodriguez of procedural due process. 29 C.F.R. § 2560.503–1(g)(1)(iii). Accordingly, we will affirm the decision of the district court substantially for the reasons set forth in its Opinion without further elaboration.

## II.

For the reasons expressed above, we will affirm the grant of summary judgment in favor of Reliance and the denial of Rodriguez's cross motion for summary judgment.